UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANKLIN ADAIR, | No. 2:24-cv-0915-CKD P |
| Plaintiff, | |
| v. | ORDER |
| MACNAUGHT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

For the most part, plaintiff's allegations in his complaint are vague and conclusory. Plaintiff does not provide sufficient facts to state any actionable claim against any defendant.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights by pleading specific facts.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff complains about the grievance process at his prison.  Plaintiff is informed that prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983.  Id.

Plaintiff attempts to assert claims arising under California law, but fails to plead compliance with the California Tort Claims Act.  Plaintiff is informed that before he may proceed

on a claim arising under California law in this court, he must comply with the terms of the California Tort Claims Act and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's request for the appointment of counsel is denied.

Dated: August 30, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ks
adai0915.cdc